# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| LENARD LUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV187 FRB |
| | ) | |
| HERBSTER HELLWEG | ) | |
| PAINTING, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Lenard Luckett to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee. However, after a review of the complaint and the corresponding documentation, the Court will not order the Clerk to issue process at this time.

## The Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to review pleadings filed in forma pauperis. If at any time it appears that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief, the Court may dismiss a complaint.

Plaintiff filed the instant action against his former employer, Herbster Hellweg Painting, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Equal Pay Act, 29 U.S.C. § 206(d).  Plaintiff alleges that he was discriminated against, on the basis of his sex and his race, in the terms and conditions of his employment.  Plaintiff additionally alleges a failure to promote, as well as a discriminatory and/or retaliatory termination.

The Court has reviewed the complaint and the corresponding documentation, and believes that, although plaintiff may be able to assert claims against defendant, it is not entirely clear from the complaint which claims plaintiff is in fact pursuing and/or which factual allegations provide support for each enumerated claim. For example, although plaintiff claims that he was "retaliated" against, his fact statement lacks any factual discussion of the purported retaliation.  Similarly, although plaintiff has indicated that defendant discriminatorily failed to promote him, he has not included any allegations relating to this alleged failure.  Additionally, although plaintiff has included with his complaint a copy of a notice of right to sue from the Missouri Commission on Human Rights, he has not indicated in his complaint whether or not he is pursuing a claim under the Missouri Human Rights Act.

Taking into consideration the fact that the plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint in accordance with the instructions set forth below. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to plaintiff's claims at this time.[1]

Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint the Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint, all of the defendants he

---

[1]The Court notes, however, that plaintiff's claims *brought pursuant to Title VII* are likely to be dismissed if included in his amended complaint. To maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). Plaintiff presumably received a right to sue from the Equal Employment Opportunity Commission ("EEOC") within three to five days of the date it was mailed, on October 18, 2007. See, e.g., Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984) (noting a rebuttable presumption that a claimant receives correspondence from an agency three days after it was mailed); Battle v. Federal Express Corp., 156 Fed. Appx. 877, 878 (8th Cir. 2005) (same); but see, Barnes v. Riverside Seat Co., 46 Fed. Appx. 385, 285 (8th Cir. 2002) (citing with approval application of five-day presumption); Walton v. U.S. Dept. of Agriculture, 2007 WL 1246845 at *8 (E.D. Mo. April 30, 2007) (same). Plaintiff filed the instant action on February 6, 2008. Thus, more than ninety (90) days have passed since receipt of his right to sue from the EEOC, making it likely that any claims brought *pursuant to Title VII* will be time barred. Plaintiff is additionally cautioned that should he decide to pursue claims against defendant *under the Missouri Human Rights Act*, such claims can only encompass allegations which are "like or reasonably related" to the claims set forth in his charges of discrimination. See, e.g., Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004);Williams v. Little Rock Mun. Water Works, 218, 222 (8th Cir. 1994).

wishes to sue, and in the "Statement of Claim" (No.12), he must set out specific facts against each named defendant corresponding to each of his claims for relief. Plaintiff risks dismissal of the complaint if he fails to comply with this Court's instructions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing an employment discrimination complaint. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue, and in the "Statement of Claim" (No.12), he must set out specific facts against each named defendant corresponding to each of his claims for relief.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Memorandum and Order, the court-provided form for filing an employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 15th Day of February, 2008.

FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE