# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

LENARD LUCKETT,                )
                               )
    Plaintiff,             )
                               )
v.                             )    No. 4:08CV187 FRB
                               )
HERBSTER HELLWEG PAINTING,     )
                               )
    Defendant.             )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint, which this Court is obligated to review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.,[1] against his former employer, Herbster Hellweg Painting, alleging that he was discriminated against on the basis of his race, gender, and disability. Plaintiff claims that he was subjected to discrimination in

---

[1] Plaintiff has not indicated that he is pursuing any claims pursuant to the Missouri Human Rights Act ("MHRA") despite the fact that he has included, as an attachment to his amended complaint, a copy of his notice of right to sue from the Missouri Commission on Human Rights. The Court made note of this anomaly in its February 15, 2008 Memorandum and Order and specifically asked plaintiff to clarify in his amended complaint whether or not he was pursuing claims under the MHRA. Plaintiff has not done so, thus, the Court assumes that plaintiff wishes to proceed with his federal claims only.

the terms and conditions of his employment and that he was subjected to discriminatory and/or retaliatory termination.

As attachments to his amended complaint, plaintiff has submitted two separate charges of discrimination, as well as an amended charge of discrimination. Plaintiff filed his first charge of discrimination against defendant on or about December 8, 2006[2] alleging race discrimination in the terms and conditions of his employment, as well as discriminatory discharge. Plaintiff amended this charge on or about May 17, 2007[3], again alleging race discrimination in the terms and conditions of his employment and discriminatory discharge, but also alleging failure to pay earned vacation benefits and discrimination in the failure to reinstate him to his previous position. From the documents attached to plaintiff's complaint, it appears that plaintiff filed yet another charge of discrimination against defendant, although this charge is neither signed by plaintiff nor dated.[4] In this new charge, plaintiff claims that defendant retaliated against him for filing the first charge of discrimination when, in May of 2007, he was again denied reinstatement to his position.

---

[2] Charge No. 560-2007-00589.

[3] Amended Charge No. 560-2007-00589.

[4] Charge No. 560-2008-00856.

Not one of the charges filed by plaintiff references discrimination on the basis of either sex or disability, thus, the Court will dismiss plaintiff's claims for sex and disability discrimination for failure to exhaust his administrative remedies with respect to these claims. See, e.g., Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir, 1998) (the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge); Carlisle v. Missouri Dept. Of Mental Health, 2006 WL 2795349, No. 4:05CV2415 SNL (E.D. Mo. September 27, 2006) (claims for sex discrimination are not like or reasonably related to claims for race discrimination); Whitehead v. Janitron Maintenance Management Services, Inc., 2007 WL 1240281, No. 4:07CV0049 AGF (E.D. Mo. April 27, 2007) (claims for disability discrimination are not like or reasonably related to claims of race discrimination).

Although the Court will allow plaintiff to pursue his race discrimination claims at this time, it has reservations about the timeliness of these allegations. As noted in its previous Memorandum and Order, to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). Plaintiff presumably received a right to sue from the Equal Employment Opportunity Commission ("EEOC") within three to five days of the date it was mailed, on October 18, 2007. See, e.g.,

Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1 (1984) (noting a rebuttable presumption that a claimant receives correspondence from an agency three days after it was mailed); Battle v. Federal Express Corp., 156 Fed. Appx. 877, 878 (8th Cir. 2005) (same); but see, Barnes v. Riverside Seat Co., 46 Fed. Appx. 384, 385 (8th Cir. 2002) (citing with approval application of five-day presumption); Walton v. U.S. Dept. of Agriculture, 2007 WL 1246845, 4:02V163 AGF (E.D. Mo. April 30, 2007) (same). Plaintiff filed the instant action on February 6, 2008. Thus, more than ninety (90) days had passed since receipt of his right to sue letter from the EEOC, making it likely that his claims are time barred.[5] Nevertheless, the Court will await full briefing on this issue prior to making any decision regarding the timeliness of plaintiff's amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to attach/submit his charge of discrimination [Doc. #9] is **GRANTED**.

---

[5] The Court notes that plaintiff's right to sue references only his originally filed charge and his amended charge of discrimination, as it refers to EEOC Charge No. 560-2007-00589. Thus, it may very well be that plaintiff has not received a right to sue regarding his newest charge of discrimination, Charge No. 560-2008-00856, or simply failed to attach it to his amended complaint. With these inconsistencies in mind, the Court will leave arguments as to the timeliness of the instant action for another day.

**IT IS FURTHER ORDERED** that plaintiff's claims for disability and gender discrimination are **DISMISSED** for failing to exhaust his administrative remedies with respect to these claims.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint with regards to plaintiff's claims for race discrimination and/or retaliation.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of April, 2008.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE