UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LENARD LUCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08CV00187 FRB |
| v. ) | |
| ) | |
| HERBSTER-HELLWEG PAINTING, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before this Court is the motion of defendant Herbster-Hellweg Painting ("defendant") to dismiss plaintiff Lenard Luckett's claim of racial discrimination in his Amended Complaint. (Docket No. 12/filed May 23, 2008.) All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff filed his original Complaint on February 6, 2008, alleging that defendant, his former employer, violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq) by discriminating against him on the basis of his race, gender and disability.¹ Noting that not one of the charges plaintiff filed

---

¹As noted in the Honorable Rodney W. Sippel's April 29, 2008 Memorandum, plaintiff has not indicated that he is pursing any claims under the Missouri Human Rights Act ("MHRA"), despite the fact that he provided a copy of his Right to Sue letter from the Missouri Commission on Human Rights. Note was made of the anomaly, and the Court instructed plaintiff to clarify in his amended complaint whether he was pursing claims under the MHRA. Because plaintiff has not done so, Judge Sippel indicated that it would be assumed that plaintiff was pursing only his federal claims. The undersigned reaches the same conclusion.

-1-

referenced discrimination on the basis of sex or disability, Judge Sippel dismissed plaintiff's claims for sex and disability discrimination for failure to exhaust administrative remedies. (Docket No. 11/filed April 29, 2008.) Thus, the only remaining claim is plaintiff's federal claim for racial discrimination.

In the instant motion, defendant argues for dismissal on the grounds that plaintiff's claim is untimely. On June 13, 2008, this Court entered an Order advising plaintiff that he was required to respond to defendant's motion. (Docket No. 16.) In response, plaintiff submitted a one-page Memorandum asking that his case not be dismissed. (Docket No. 17/filed June 23, 2008.) In support, plaintiff stated that he was misinformed about the filing date by an attorney named Dayna F. Deck; that he had lost someone very close to him in January of 2008; and that he did not know what he was doing. For the following reasons, plaintiff's claim is time-barred and subject to dismissal.

To maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of notice of right to sue from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1). As defendant correctly notes, litigants appearing pro se are bound by the same rules of procedure as attorneys. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000); Lanham v. Missouri Dept. of Corrections, 232 S.W.3d 630, 634 -635 (Mo. Ct. App. 2007).

In this case, the EEOC mailed a right to sue letter to

plaintiff on October 18, 2007 (Docket No. 12-2). Plaintiff makes no attempt to dispute his receipt of the letter, and is therefore presumed to have received it on October 21, 2007. See Davis v. U.S. Bancorp, 383 F.3d 761, 766 (8th Cir. 2004) (it is presumed that "a properly mailed document is received by the addressee"); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1 (1984) (there is a rebuttable presumption that a claimant receives the agency's correspondence three days after it was mailed.) Plaintiff was therefore required to file suit against defendant no later than January 21, 2008, but did not do so until February 6, 2008, more than 90 days from the presumed date of receipt.

However, the Court notes, sua sponte, that the 90-day limitation period is not a jurisdictional prerequisite to federal suit, and is subject to equitable tolling. Hill v. John Chezik Imports, 869 F.2d 1122 (8th Cir. 1989). In his June 23, 2008 memorandum, plaintiff alleges that he was misinformed about the filing date by an attorney; that he suffered the loss of someone close to him; and that he does not know what is doing. The undersigned will consider these statements as plaintiff's attempt to seek equitable tolling of the 90-day limitation period.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been diligently pursing his rights; and (2) that some extraordinary circumstance stood in his way. Walker v. Norris, 436 F.3d 1026 (8th Cir. 2006). Equitable tolling is generally reserved to

circumstances that are truly beyond the litigant's control, Hill, 869 F.2d at 1124, and is appropriate "only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands." Lown v. Brimeyer, 956 F.2d 780, 782 (8th Cir. 1992).

The Supreme Court has noted four circumstances in which the application of equitable tolling is appropriate: (1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the claimant to believe that he or she has done everything required of him; (4) affirmative misconduct on the part of defendant lulled the claimant into inaction. Baldwin Cty. Welcome Center v. Brown, 466 U.S. 147, 151 (1984). These circumstances have been recognized by the Court of Appeals for the Eighth Circuit. Shempert v. Harwick Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998). In Baldwin, the Supreme Court cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants." Baldwin, 466 U.S. at 151.

The facts of this case do not compel the equitable tolling of the 90-day limitation period. Plaintiff's argument that an attorney misinformed him regarding the filing date is unavailing. The EEOC right to sue letter specifically advised plaintiff, in no uncertain terms, that he must file suit "WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." (Docket No. 12-2) (emphasis in

original). The mere fact that plaintiff received contrary information elsewhere does not excuse his failure to abide by the deadline clearly specified in the EEOC's letter. Plaintiff further states that he lost someone close to him in January of 2008. This situation, while unfortunate, does not rise to the level of a circumstance beyond plaintiff's control that prevented him from filing his lawsuit within the prescribed time period. Finally, plaintiff's statement that he does not know what he is doing is also unavailing. Plaintiff is bound by the procedural rules just as attorneys are, and may not use his pro se status as an excuse. See Lindstedt, 238 F.3d at 937; Lanham, 232 S.W.2d at 634-35.

The circumstances plaintiff mentions in his memorandum simply do not rise to the level of those contemplated by the Supreme Court as justifying the use of equitable tolling. Plaintiff's claim of racial discrimination is therefore subject to dismissal because it was filed more than 90 days from the presumed date of plaintiff's receipt of his right to sue letter from the EEOC.

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (Docket No. 12) is **GRANTED**.

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of June, 2008.